# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RACHEL BIANCA PERRYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-00604 |
| ) | Judge Nixon/Brown |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**To: The Honorable John T. Nixon, Senior United States District Judge.**

This action was brought under 42 U.S.C. §§ 405(g) and 1383(c) for judicial review of the final decision of the Social Security Administration (SSA) through its Commissioner, denying plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381 *et seq.* For the reasons explained below, the undersigned **RECOMMENDS** that plaintiff's motion for judgment on the administrative record (Doc. 14) be **DENIED**, and the Commissioner's decision **AFFIRMED**.

## I. PROCEDURAL HISTORY

Plaintiff applied for SSI on August 18, 2011, alleging a disability onset date of August 16, 2011.[1,2] Plaintiff claimed she was unable to work due to post-traumatic stress disorder, bipolar disorder, anxiety disorder, obsessive compulsive disorder, and depression. (Doc. 12, p. 98)

Plaintiff's application was denied initially on January 4, 2012, and upon reconsideration on June 19, 2012. Plaintiff requested a hearing before an ALJ on June 29, 2012. A hearing was held

---

[1] References to page numbers in the administrative record (Doc. 12) are to the page numbers that appear in bold in the lower right corner of each page.

[2] Unless otherwise indicated, the procedural history below is adopted from the jurisdiction and procedural history section of the Administrative Law Judge's (ALJ) decision. (Doc. 12, p. 19)

in Nashville on September 25, 2013 before ALJ Michelle Thompson. The ALJ entered an unfavorable decision on December 27, 2013 (Doc. 12, pp. 16-41), after which plaintiff filed a request with the Appeals Council on February 3, 2014 to review the ALJ's decision (Doc. 12, pp. 14-15). Plaintiff moved for an extension of time to "submi[t] . . . additional evidence and/or a brief to address the issues." (Doc. 12, p. 14) The Appeals granted plaintiff's motion on February 19, 2014. (Doc. 12, pp. 7-13) Thereafter, the Appeals Council denied plaintiff's request for a hearing on March 31, 2015 (Doc. 12, pp. 1-5), whereupon the ALJ's decision became the final decision of the Commissioner.

Plaintiff brought this action through counsel on May 29, 2015 (Doc. 1), following which she filed a motion for judgment on the administrative record on October 10, 2015 (Doc. 14). The Commissioner responded on November 24, 2015. (Doc. 17 ) Plaintiff did not reply. This matter is now properly before the court.

## II. EVIDENCE[3]

Dr. Pramod Shah, M.D., completed a check-box form on January 9, 2013 captioned: "TREATING SOURCE STATEMENT . . . MEDICAL ASSESSMENT OF ABILITY TO DO WORK-RELATED ACTIVITIES (MENTAL)" (hereinafter "form" or "opinion") (Doc. 12, pp. 403-07) Dr. Shah checked the boxes on the form assessing plaintiff with a *fair*[4] ability to follow work rules, use judgment, understand, remember, and carry out simple job instructions, and maintain personal appearance. (Doc. 12, pp. 403, 405) Dr. Shah also checked the boxes on the form

---

[3] The excerpts of the administrative record below are those necessary to respond to plaintiff's motion for judgment on the administrative record. The remainder of the record is incorporated herein by reference.

[4] The form that Dr. Shah completed defined "fair" as, "[a]bility to function in this area is seriously limited, but not precluded." (Doc. 12, p. 403)

2

assessing plaintiff with an ability of *poor to none*[5] in relating with co-workers and the public, interacting with supervisors, dealing with work stress, functioning independently, maintaining attention and concentration, understanding, remembering, and carrying out complex job instructions, carrying out detailed but not complex job instructions, behaving in an emotionally stable manner, relating predictably in social situations, and demonstrating reliability.[6] (Doc. 12, pp. 403, 405)

Dr. Shah made no entries in the several sections on the form where he was instructed to "[d]escribe any limitations and include the medical/clinical findings that support this assessment." (Doc. 12, ¶¶ I.9, II.4, III.5, pp. 403, 405) Dr. Shah also did not identify/explain any limitations in plaintiff's "intellectual ability, thought organization, memory, comprehension, etc." that would affect her ability to work as instructed on the form. (Doc. 12, p. 405) Apart from checking the boxes on the form, Dr. Shah's only other entries are the words, "As above," in response to the instruction: "State any other work-related activities which are affected by the impairment, and indicate how the activities are affected. What are the medical/clinical findings that support this assessment?" (Doc. 12, p. 407) Dr. Shah also checked the box labeled "Yes" in response to the question on the form, "Can the individual manage benefits in his or her own best interest?" (Doc. 12, p. 407)

### III. ANALYSIS

#### A. The ALJ's Notice of Decision

Under the Act, a claimant is entitled to disability benefits if she can show her "inability to

---

[5] The form that Dr. Shah completed defined "poor or none" as, "[n]o useful ability to function in this area." (Doc. 12, p. 403)

[6] Dr. Shah's opinion in the record contains two blank, heavily smudged pages. (Doc. 12, pp. 404, 406) Upon examination, the smudges on these pages appear to be reversed <u>ghost</u> images of the pages immediately preceding them. These pages do not add any additional information to Dr. Shah's opinion.

3

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.905. Corresponding regulations outline the five-step sequential process to determine whether an individual is "disabled" within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374-75 (6th Cir. 2014). While the claimant bears the burden of proof at steps one through four, the burden shifts to the Commissioner at step five to identify a significant number of jobs in the economy that accommodate the claimant's RFC and vocational profile. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011).

### B. Standard of Review

The district court's review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record, and whether the decision was made pursuant to proper legal standards. 42 U.S.C. § 405(g); *Gayheart*, 710 F.3d at 374. Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2003). The Commissioner's decision must stand if substantial evidence supports the conclusion reached, even if the evidence supports a different conclusion. *Gayheart*, 710 F.3d at 374.

### C. Claim of Error

**Whether the ALJ Improperly Assigned Less Weight to the
Treating Psychiatrist's Opinion of Limitations
(Doc. 14-1, pp. 7-9)**

Plaintiff argues that the opinion of "Dr. Milagros D. Pasquel"[7] "is well supported by his own

---

[7] The correct spelling of this doctor's last name is "Pascual." (Doc. 12, p. 512)

4

findings and the record as a whole." (Doc. 14-1, p. 8) Plaintiff argues further that Dr. Pascual's opinion also "is supported by the only substantial evidence in this case." (Doc. 14-1, p. 8)

The opinion at issue is at pp. 403-07 in the administrative record. (Doc. 14-1, p. 7) Although plaintiff attributes this opinion to Dr. Pascual, the form at pp. 403-07 was completed and signed by Dr. Shah. In other words, the opinion at issue is Dr. Shah's, not Dr. Pascual's. Therefore, the Magistrate Judge concludes that plaintiff's reference to "Dr. Pasquel" is an editing error, and that plaintiff actually meant to argue that the ALJ gave <u>Dr. Shah's</u> opinion too little weight.

Under the standard commonly called the "treating physician rule," the ALJ is required to give a treating source's opinion "controlling weight" if two conditions are met: the opinion "'is well-supported by medically acceptable clinical and laboratory diagnostic techniques,'" and the opinion "'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart*, 710 F.3d at 376 (quoting 20 C.F.R. § 404.1527(c)(2). However, the ALJ "is not bound by a treating source's opinions, especially when there is substantial medical evidence to the contrary." *Cutlip v. Sec'y of Health and Human Serv's*, 25 F.3d 284, 287 (6th Cir. 1994). That said, the ALJ is required to provide "good reasons" for discounting the weight given to a treating-source's opinion. *Gayheart*, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2). The reasons must be "'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Gayheart*, 710 F.3d at 376 (quoting SSR 96–2p, 1996 WL 374188 at *5 (SSA)).

The Magistrate Judge will address first whether the ALJ gave "good reason" for giving Dr. Shah's opinion little weight. The ALJ's treatment of Dr. Shah's opinion is quoted below in its entirety:

> As for the opinion evidence, the undersigned gives little weight to the
> treating source statement from Pramod A. Shah, M.D., the claimant's

treating psychiatrist at Cumberland. Dr. Shah opined that the claimant had a fair ability (i.e., seriously limited but not precluded ability) to follow work rules; use judgment; understand, remember, and carry out simple job instructions; and maintain personal appearance. He opined that she had poor or no ability (i.e., no useful ability) to relate to coworkers; deal with the public; interact with supervisors; deal with work stress; function independently; maintain attention and concentration; understand, remember, and carry out detailed or complex instructions; behave in an emotionally stable manner; relate predicably in social situations; and demonstrate reliability.

Dr. Shah's assessment is given little weight for several reasons. **Dr. Shah did not include any medical or clinical findings to support his assessment.** Further, the consistently unremarkable mental status examinations of normal organized and logical thought processes, normal thought content, and intact attention, memory, judgment, and concentration do not support Dr. Shah's assessment of fair ability to follow work rules, use judgment, perform simple tasks and poor to no ability to maintain attention and concentration. The claimant was regularly noted to have normal appearance, which indicated more than a fair ability to maintain personal appearance. Further, in her function report, the claimant denied having any problems getting along with people and stated that she got along 'pretty good' with authority figures. This is not consistent with Dr. Shah's opinion that the claimant has no useful ability to relate to coworkers, deal with the public, and interact with supervisors.

Further, claimant's ability to care for her children, use the computer, attend school meetings is not consistent with Dr. Shah's finding that she has no useful ability to perform detailed tasks, deal with stress, and demonstrate reliability. Also, as noted above, the claimant consistently presented to treatment sessions with a euthymic mood, indicating that she has some ability to relate predictably in social situations and behave in an emotionally stable manner. While the claimant needs some assistance with daily living activities, there is no evidence that she has no useful ability to function independently. For example, Exhibits B6F and B12F show that the claimant used a transportation company and attended treatment sessions and the psychological consultative evaluation on her own. Finally, the undersigned notes that after finding that the claimant had seriously precluded to no useful mental abilities, Dr. Shah opined that she could still manage benefits in her own best interest. This reflects an inconsistency in Dr. Shah's assessment. Dr. Shah's assessment is

therefore given little weight.

(Doc. 12, pp. 34-35) The ALJ's reasons above for giving Dr. Shah's treating source statement "little weight" are good ones. The next question is whether the ALJ's decision to give Dr. Shah's opinion little weight is supported by the evidence.

One need not go beyond the ALJ's first reason, in bold above at p. 6, to answer the question whether the ALJ's decision to give Dr. Shah's opinion little weight is supported by the evidence. As discussed above, at pp. 2-3, Dr. Shah "did not include any medical or clinical findings to support his [opinion]." More particularly, he cited no clinical or diagnostic evidence in support of his opinions, nor did he provide any references to the record/treatment notes to support those opinions. Dr. Shah merely checked fifteen (15) boxes.

The Sixth Circuit has held that "[a] treating doctor's disability determination must be fully supported by **direct reference** to detailed, clinical, diagnostic evidence in the medical reports." *Carter v. Comm'r of Soc. Sec.*, 36 Fed.Appx. 190, 191 (6th Cir. 2002)(emphasis added). Indeed, the Sixth Circuit recently noted that an "administrative law judge properly g[i]ves a check-box form little weight where," as in the instant case, "the physician provide[s] no explanation for the restrictions entered on the form and cite[s] no supporting medical evidence." *Ellars v. Comm'r of Soc. Sec.*, 647 Fed.Appx. 563 (6th Cir. 2016)(citing *Rogers v. Comm'r of Soc. Sec.*, 225 F.3d 659, 2000 WL 799332 *6 (6th Cir. 2000)(treating physician's documentation of impairments on a form with check-off boxes was not entitled to great weight when no further explanation was given)). More recently, the Sixth Circuit noted again the disfavor for unsupported "check-box" forms similar to the one Dr. Shah completed:

> The Sixth Circuit has cast doubt on the usefulness of check-box forms where the physician fails to give any explanation for his findings. *See Hernandezx v. Comm'r of Soc. Sec.*, No 15-1875, 2016 WL 1055828 at * 4 (6th Cir. Mar. 17, 2016)(ALJ's erroneous

7

> consideration of treating physician's check-box analysis was harmless error where the form was unaccompanied by any explanation and was 'weak evidence at best' that 'meets our patently deficient standard'); *Carreon v. Massanari*, 51 Fed.Appx. 571, 574 (6th Cir. 2002)(ALJ may properly ignore statements of treating physicians that are conclusory and unsupported by the objective medical record); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)(treating physician's mere documentation of impairments was not sufficient to support his opinion that claimant could not perform past job).

*Denham v. Comm'r of Soc. Sec.*, Slip Copy, 2016 WL 4500713 * 3 (6th Cir. 2016). A "conclusory check-box form . . . with no explanation of [the] reasoning, identification of objective criteria, or reference to medical records which would support [the] findings" as in *Denham* met the Sixth Circuit's characterization of a "patently deficient" medical opinion.

As shown above, the ALJ gave "good reason" for giving Dr. Shah's opinion little weight. The evidence also supports the ALJ's decision for having done so. Consequently, plaintiff's claim of error is without merit.[8]

## IV. CONCLUSION AND RECOMMENDATION

For the reasons explained below, the undersigned **RECOMMENDS** that plaintiff's motion for judgment on the administrative record (Doc. 14) be **DENIED**, and the Commissioner's decision **AFFIRMED**. The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, 142, *reh'g denied*,

---

[8] The Magistrate Judge notes for the record that the result would have been the same regardless of whose opinion the one at issue might have been.

474 U.S. 111 (1986); *see Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

**ENTERED** this 19th day of September, 2016.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge